**Gerald Wayne PANNELL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–014–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 18, 1981.

Rehearing Denied Dec. 16, 1981.

Jackson & Levy, Alan L. Levy, Denton, for appellant.

Jerry Cobb, Dist. Atty., Denton, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

Gerald Wayne Pannell, the appellant, was convicted of rape of a child and sentenced to ten years in prison. From that conviction appellant has brought this appeal.

We affirm the judgment of the trial court.

Appellant's solitary argument on appeal is that the trial court committed reversible error by refusing to instruct the jury that evidence that a reputation witness had heard appellant was charged with a crime could only be used for testing the knowledge of the witness.

At trial appellant presented seven character witnesses. On cross-examination the State asked each witness "[h]ave you heard that Gerald Wayne Pannell was arrested in July of 1977 for tampering with a State's witness?" Six of the witnesses affirmed they had heard that appellant had been arrested.

Appellant made fourteen objections to the court's charge to the jury, one of which is the basis of this appeal.

The appellant objected to the charge as a whole because it "does not instruct the jury that the 'have you heard' question asked by the prosecutor can be considered only for the purpose of testing the knowledge of a character witness of the defendant's reputation." Such instruction if it had been given, would have been given in substantially the following language:

" 'Certain questions were asked by the State inquiring of character witnesses for the defendant whether they had heard about other offenses on the part of the defendant. You are instructed that you may not consider such questions, nor may you consider any answers of such witnesses as to whether they had heard of any other offenses, if any such answers were given, as any evidence of guilt in this case, but only for the purpose of testing (if it does) the knowledge of such witnesses as to the defendant's reputation and the weight to be given to their testimony; and you must not consider such questions and answers in regard to any other offenses, if any, for any other purpose whatsoever.' "

P. McClung, Jury Charges for Texas Criminal Practice (Rev. Ed. January 1981), p. 294. For purposes of the opinion, this instruction is hereinafter referred to as First Instruction.

However, upon objection by appellant to the charge as a whole, and pursuant to his request the trial court instructed as follows:

" 'You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any other purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the (intent) of the defend-

ant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.' "

For purposes of this opinion this instruction is hereinafter referred to as Second Instruction.

If both of the instructions had been given as requested, the jury would have been hopelessly confused. The use of both instructions would have been inconsistent, in that, the jury would be instructed to consider the "have you heard" testimony to test the knowledge of the reputation witnesses (First Instruction) while being subsequently instructed (Second Instruction) not to consider the testimony for any purpose, unless they believed beyond a reasonable doubt that the offense had been committed and then only if it related to the intent or system of the appellant. The offense referred to in the "have you heard" question clearly had no relation to appellant's intent or system. Thus, under the instruction given, the jury could not consider the testimony for any purpose. The trial court having to choose between inconsistent instructions gave the one most beneficial to the appellant.

We find that appellant was afforded ample protection in the charge as given. The trial court's refusal to give the more narrow instruction was not calculated to injure appellant's rights, nor did it affect the fairness and impartiality of the trial. *Johnston v. State*, 418 S.W.2d 522 (Tex.Cr.App.1967).

Accordingly, we affirm.